UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMAR POWELL, | |
| Plaintiff, | |
| -against- | 23-CV-9513 (CS) |
| STATE OF NEW YORK; FISHKILL CORRECTIONAL FACILITY; JOHN DOE, CORRECTIONAL OFFICER; JOHN DOE, CORRECTIONAL OFFICER, | AMENDED ORDER |
| Defendants. | |

CATHY SEIBEL, United States District Judge:

This Order amends my Order of earlier today, (ECF No. 7), which is hereby vacated.

Plaintiff brings this action *pro se* under 42 U.S.C. § 1983, alleging that, while he was incarcerated at Fishkill Correctional Facility, Defendants violated his constitutional rights. By order dated November 1, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

2

**DISCUSSION**

A.      **State of New York**

Plaintiff's claims against the State of New York must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

B.      **Fishkill Correctional Facility**

Plaintiff's claims against Fishkill Correctional Facility must also be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Fishkill Correctional Facility is not a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of Section 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983). Therefore, Plaintiff's claims against Fishkill Correctional Facility are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3

### C.    John Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, however, Plaintiff does not supply sufficient information to permit the New York State Department of Corrections and Community Supervision to identify the John Doe correctional officers involved in the deprivation of Plaintiff's rights in the restroom shower at Fishkill Correctional Facility from August through November 22, 2023.

The Court therefore orders Plaintiff, within thirty days of the date of this order, to provide more descriptive information about the John Doe correctional officers he seeks to sue here. Plaintiff should include, if known, the dates and times of the incidents; the descriptions of the officers involved, including hair and eye color, height, weight, and any distinctive marks or tattoos; and their usual shifts and/or assignments. Once Plaintiff provides this information to the Court, the Court will direct the New York State Department of Correction to identify, by name and badge number, the John Doe correctional officers involved in the deprivation of Plaintiff's rights in the restroom shower at Fishkill Correctional Facility from August through November 22, 2023.

### D.    Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

**CONCLUSION**

ECF No. 7 is hereby vacated.

The Court dismisses Plaintiff's claims against the State of New York as barred by the Eleventh Amendment.

The Court dismisses Plaintiff's claims against Fishkill Correctional Facility. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court orders Plaintiff, within thirty days of the date of this order, to provide more descriptive information about the John Doe correctional officers he seeks to sue here. Plaintiff should include, if known, the dates and times of the incidents; the descriptions of the officers involved, including hair and eye color, height, weight, and any distinctive marks or tattoos; and their usual shifts and/or assignments.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is directed to mail this order and an information package to Plaintiff.

SO ORDERED.

Dated:    December 18, 2023
          White Plains, New York

_____
CATHY SEIBEL
United States District Judge