UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JAMAR POWELL,

                              Plaintiff,

    - against -

JOHN DOE, CORRECTIONAL OFFICER;
JOHN DOE, CORRECTIONAL OFFICER,

                              Defendants.
---------------------------------------------------------------x

**ORDER**

No. 23-CV-9513 (CS)

Seibel, J.

*Pro se* Plaintiff Jamar Powell commenced this lawsuit on October 26, 2023, while he was incarcerated. (ECF No. 1.) In the complaint form, he acknowledged his obligation to keep the Court informed as to his address and his understanding that failure to do so might result in dismissal. (*Id.* at 6.) On November 29, 2023, he submitted a change of address form that included a street address in the Bronx but no zip code. (ECF No. 5.)[1] On December 18, 2023, I dismissed the claims against the State of New York and Fishkill Correctional Facility, and I ordered Plaintiff to provide, within 30 days of the order, more descriptive information about the John Doe correctional officers that he sought to sue. (*See* ECF No. 8.) The order was mailed to the updated address Plaintiff had provided, (*see* Dec. 23, 2023 mailing receipt), and has not been returned, but Plaintiff did not comply with that order. On January 24, 2024, on my own initiative, I granted Plaintiff an extension until February 7, 2024 to comply with the December 18, 2023 Order, warning that the case could not proceed if he did not do so, and that if he did not

---

[1] The change of address form listed Plaintiff's new address as 1443 Leland Street, Apt. 1, Bronx, NY. (ECF No. 5.)

do so, I would dismiss the case under Federal Rule of Civil Procedure Rule 41(b) for failure to prosecute. (*See* ECF No. 10.) This order was mailed to Plaintiff at the address he had provided, except that, in what appears to be a mistake by someone in the office of the Clerk of Court, the mailing used the zip code of the facility in which Plaintiff had been housed at the time he filed the case. (*See* Jan. 26, 2024 mailing receipt.)

By February 15, 2024, Plaintiff had still not complied with either the December or January orders. Realizing that Plaintiff may not have received those orders because the Court did not have his correct zip code on file, I granted Plaintiff until March 18, 2024 to comply, again warning Plaintiff that failure to do so might result in a dismissal without prejudice under Rule 41(b). (*See* ECF No. 11.) The February 15, 2024 Order was mailed to Plaintiff at the address he had provided, this time using the zip code that numerous real estate websites associate with 1443 Leland Avenue in the Bronx. (*See* Feb. 16, 2024 mailing receipt.) Plaintiff did not respond. On March 22, 2024, the January 24, 2024 Order was returned to the Clerk's Office as undeliverable and unable to be forwarded, (*see* Docket Entry dated Mar. 22, 2024), and was remailed with what the Court believes is the proper zip code, (*see* Mar. 29, 2024 mailing receipt).

In an excess of caution before dismissing the case under Rule 41, I asked my courtroom deputy to call Plaintiff. On June 24, 2024, my courtroom deputy called the number listed in ECF No. 5 and spoke with Plaintiff, who told him that he had moved to a new address without having informed the Court. Plaintiff provided his current address – 601 Prospect Avenue, Bronx, New York 10455 – and also provided a new phone number: (646) 796-2864. Again, in an excess of caution, the Court the same day granted Plaintiff an additional thirty days to provide the information required by the December 18, 2023 Order. (*See* ECF No. 12.) The Court also mailed another copy of the December 18, 2023 Order and the new June 24, 2024 Order to

2

Plaintiff's new address.  (*See* ECF No. 12; June 26, 2024 mailing receipt.)  The Court has not heard from Plaintiff since.

Pursuant to Rule 41(b), a district court may "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995); *see Paulidor v. Hemphill's Horses, Feed & Saddlery, Inc.*, No. 20-CV-785, 2023 WL 4931921, at *3 (D. Conn. Aug. 2, 2023) (to the same effect).[2]  Likewise, "[i]f a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute." *Greene v. Sposato*, No. 16-CV-1243, 2019 WL 1559421, at *1 (E.D.N.Y. April 9, 2019); *see Long v. Griffin*, No. 18-CV-9654, 2022 WL 17325814, at *1 (S.D.N.Y. Nov. 28, 2022).  While "dismissal under Rule 41(b) is a harsh remedy to be utilized only in extreme situations, dismissal may be necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-CV-8245, 2023 WL 145521, at *1 (S.D.N.Y. Jan. 10, 2023).  I must consider the following five factors before dismissing a case under Rule 41(b):

> (1) whether the plaintiff's failure to prosecute caused significant delay; (2) whether the plaintiff was notified that further delay would result in dismissal; (3) whether further delay would prejudice the defendant; (4) whether the court carefully balanced its need to make sure it can continue to efficiently tend to other cases that come before it against the plaintiff's right to argue their case; and (5) whether the court adequately considered whether a less harsh sanction would be as effective.

*Cannon v. N.Y.S. Dep't of Corr. & Cmty. Supervision,* No. 23-CV-837, 2023 WL 4157173, at *1 (S.D.N.Y. June 23, 2023).  No single factor is dispositive.  *See Heendeniya v. St. Joseph's Hosp.*

---

[2] The Court will send Plaintiff copies of any unreported cases cited in this Order.  Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

*Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020) (summary order) (citing *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (*per curiam*)); *Sanango*, 2023 WL 145521, at *2.

After consideration of these factors, I conclude that Plaintiff has failed to prosecute the case and comply with the Court's orders, and that dismissal without prejudice is warranted.

The first factor weighs in favor of dismissal. Since November 29, 2023, Plaintiff has not submitted any filings, contacted the court, or otherwise indicated that he intends to continue this action. More than ten months have passed since Plaintiff filed his original change of address, more than nine months have passed since the December 18, 2023 Order, and more than three months have passed since the June 24, 2024 Order providing him another extension. This delay is sufficient to warrant dismissal. *See Toussaint v. N.Y. Pub. Libr.*, No. 23-CV-1507, 2023 WL 4551403, at *2 (S.D.N.Y. July 5, 2023) (significant delay found where plaintiff's inaction – including the failure to provide an updated address – prevented the court from proceeding); *Wilson v. Doe 1-4*, No. 21-CV-5170, 2022 WL 2065030, at *1 (E.D.N.Y. June 8, 2022) (several-month delay caused by plaintiff's failure to communicate with the Court, including ignoring multiple orders to update his address); *Balderramo v. Go N.Y. Tours Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *Mena v. City of N.Y.*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) ("[A] *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case.").

Next, the second factor also favors dismissal. The Court ordered Plaintiff to provide additional identifying information regarding the John Doe Correctional Officers on four separate occasions: (1) December 18, 2023; (2) January 24, 2024; (3) February 15, 2024; and (4) June 24, 2024. (*See* ECF Nos. 8, 10, 11, 12.) The Court has repeatedly warned Plaintiff that failure to

do so may result in dismissal for failure to prosecute. (*See* ECF Nos. 10, 11, 12.) The Court's July 25, 2024 deadline to comply with the most recent order passed more than two months ago, and Plaintiff has not responded to any of those orders. The Court has every reason to believe that Plaintiff received at least two of the orders directing him to provide more information about the John Doe Defendants, but even if he had not, "[w]hether Plaintiff actually received the Court's orders is inconsequential, as it remained his duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address." *Terry v. City of N.Y.*, No. 20-CV-81, 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020); *see Wilson,* 2022 WL 2065030, at *2 ("If petitioner did not receive actual notice of the Court's orders either by mail or by email, responsibility for that miscommunication lies with him."); *Carr v. Hallett*, No. 21-CV-2808, 2021 WL 6136176, at *2 (E.D.N.Y. Dec. 29, 2021) (to the same effect); *Chavis v. City of N.Y.*, No. 17-CV-9518, 2018 WL 6532865, at *4 (S.D.N.Y. Oct. 12, 2018) ("If for some reason plaintiff did not receive actual notice of this Court's Orders either by mail or by email, he has no-one to blame but himself."). Thus, Plaintiff has demonstrated indifference and neglect of this case, if not intentional abandonment.

Under the third factor, prejudice to the John Doe Defendants may be presumed because Plaintiff's delay is unreasonable: he has not complied with his obligation to update the Court with his current address, has ignored multiple Court orders, and has not taken any steps to advance the litigation or even communicate with the Court over several months. *See Cannon*, 2023 WL 4157173, at *1 (unreasonable delays from failure to provide a mailing address presumed to prejudice defendants); *Wilson*, 2022 WL 2065030, at *2 (prejudice presumed where the plaintiff caused an unreasonable delay resulting, in part, from plaintiff's failure to provide

updated contact information); *Terry*, 2020 WL 5913409, at *2 (presumption of delay is unrebutted where plaintiff has not contacted the Court to update his address).

The fourth factor also warrants dismissal on balance. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner," *Sanango*, 2023 WL 145521, at *2, and the Second Circuit employs a "strong policy favoring prompt disposition of cases," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also O'Rourke v. Nirvana*, No. 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020) ("The Court has a strong interest in managing its docket and cannot indefinitely wait for [Plaintiff] to turn his attention back to this case."), *report and recommendation adopted*, 2020 WL 2133174 (S.D.N.Y. May 5, 2020). Plaintiff was informed of his duty to provide a current address in the Complaint form, (ECF No. 1 at 6), and he understood this duty because he provided an address once he was released from Fishkill Correctional Facility. (ECF No. 5). Plaintiff provided an updated address only after the Court tracked him down in an excess of caution, and it has now been more than three months since then and he has neither contacted the Court nor complied with the Court's orders. The Court does not have the resources to pursue litigants who apparently do not wish to proceed. *See Chavis*, 2018 WL 6532865, at *4 ("It makes little sense for the Court to continue to expend resources managing a civil case that the plaintiff has shown no interest in advancing."); *Terry*, 2020 WL 5913409, at *2 ("It is not the function of this Court to chase dilatory plaintiff[s] while other litigants in this district seek access to the courts."). Apart from the June 24, 2024 phone call placed by my courtroom deputy, Plaintiff has not otherwise communicated with the Court since November 29, 2023. It appears that Plaintiff has abandoned this case. *See Long*, 2022 WL 17325814, at *1 (failure to keep address current and no communication over six months

6

indicated abandonment); *Wilson*, 2022 WL 2065030, at *2 (to the same effect); *Carr*, 2021 WL 6136176, at *1 (to the same effect); *Greene*, 2019 WL 1559421, at *1-2 (to the same effect).

As to the fifth factor, a less drastic sanction would be ineffective. Without Plaintiff's participation, there is no way that the case can proceed. *See Cannon*, 2023 WL 4157173, at *1 ("The Court finds that there is no clear purpose or benefit to keeping the case open without any participating parties."); *Long*, 2022 WL 17325814, at *1 ("This case cannot proceed unless the Court . . . [is] able to contact Plaintiff."); *Greene*, 2019 WL 1559421, at *1 ("As is readily apparent, this case cannot proceed unless the Court and defense counsel are able to contact plaintiff."); *Mahone v. City of N.Y.*, No. 13-CV-8014, 2015 WL 427422, at *2 (S.D.N.Y. Feb. 2, 2015) ("Indeed, given [Plaintiff's] failure . . . to file an amended complaint identifying the 'John Doe' defendants, moving this case forward would be difficult if not impossible."). In these circumstances, dismissal is appropriate. *See Terry*, 2020 WL 5913409, at *2 (dismissal without prejudice appropriate where *pro se* plaintiff neither contacted the Court nor complied with the Court's orders over six months); *Wilson*, 2022 WL 2065030, at *2 (to the same effect); *Carr*, 2021 WL 6136176, at *2 (to the same effect); *Chavis*, 2018 WL 6532865, at *5 (imposing lesser sanctions would be futile if plaintiff did not receive actual notice because mailing address was not current).

I conclude that the relevant factors militate comfortably in favor of dismissal under Rule 41(b). Because Plaintiff is unrepresented, I dismiss without prejudice, in an excess of caution. *See Wilson*, 2022 WL 2065030, at *2 ("Dismissal without prejudice adequately balances those interests in this case, by serving the district court's need to clear its calendar without unduly penalizing a *pro se* litigant . . . ."); *Terry*, 2020 WL 5913409, at *2 (to the same effect); *Copiel v.*

7

*Pugliese*, No. 19-CV-4231, 2021 WL 2659985, at *3 n.5 (E.D.N.Y. June 29, 2021) (collecting cases).[3]

For the foregoing reasons, this case is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b) for failure to prosecute. The Clerk of Court is respectfully directed mail a copy of this Order to Jamar Powell, 601 Prospect Avenue Bronx, New York 10455, and to close the case.

**SO ORDERED.**

Dated: October 3, 2024
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[3] While a district court must also find "willfulness, bad faith, or reasonably serious fault" on Plaintiff's part before dismissing with prejudice, "[t]he Second Circuit has not decided whether this requirement applies to a dismissal without prejudice." *Myparkingtickets.com LLC v. City of N.Y.*, No. 24-CV-397, 2024 WL 1181839, at *3 n.2 (S.D.N.Y. Mar. 14, 2024); *see Cannon*, 2023 WL 4157173, at *1 n.2. If it does, Plaintiff's conduct here at least constitutes "reasonably serious fault."